UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSEPH EWEKA,
        *Plaintiff*,

v.

STATE FARM FIRE AND CASUALTY COMPANY,
        *Defendant*.

No. 1:24-cv-02040-MSN-LRV

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant's motion to dismiss. ECF 7. Plaintiff has been engaged in litigation involving his neighbor's tree for several years.[1] Now, while Plaintiff's case against his neighbors—Hector and Christine Lopez ("the Lopezes")—is pending in state court, he seeks to recover from their liability insurer, State Farm Fire and Casualty Company ("State Farm"). But Plaintiff cannot recover tort damages from State Farm prior to obtaining a judgment against the Lopezes. For that reason, and for the reasons that follow, this Court will GRANT Defendant's motion and dismiss Plaintiff's claims.

**I.  BACKGROUND[2]**

Plaintiff Joseph Eweka lived next door to the Lopezes for several years. ECF 3-1 ("Compl.") ¶ 4. The Lopezes maintained a tree on their property whose branches extended over Plaintiff's property line. *Id.* ¶¶ 5, 8. Plaintiff alleges that on several occasions "[t]he pollens, multi-colored and dye-laden berries/seeds, twigs, sags, and birds' feces" fell from the Lopezes' tree onto

---

[1] *See Joseph Eweka v. Hector Gerardo Lopez et al.*, No. 1:20-cv-00154-TSE-MSN, ECF 4 (dismissing Plaintiff's prior action against neighbors in 2020).
[2] The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

Plaintiff's property, causing damage to Plaintiff's two vehicles. *Id.* ¶ 8. Plaintiff asked the Lopezes "to cut the *Tree* or its branches down because of the continuing nuisance, trespass, and damage that it was causing to Plaintiff's two vehicles," but the Lopezes refused. *Id.* ¶ 9. Unable to come to a neighborly agreement, in September 2018, Plaintiff sued the Lopezes in Fairfax County Circuit Court. *See Joseph Eweka v. Hector Lopez and Christine Lopez*, Case No. CL-2018-14535 ("the Liability Action"). That case remains pending.

Now, Plaintiff brings the instant action against the Lopezes' liability insurer, State Farm, based on the same underlying factual allegations. *See generally* Compl. Plaintiff initiated the action in Fairfax County Circuit Court, *Joseph Eweka v. State Farm Fire and Casualty Company,* Case No. CL-2024-15065 ("the Direct Action"), but State Farm removed the Direct Action to this Court based on diversity jurisdiction and federal question jurisdiction. ECF 3 ("Notice of Removal"). State Farm now moves to dismiss the instant complaint on the grounds that "[t]he allegations in this Direct Action largely mirror the allegations in the Liability Action" and therefore Plaintiff cannot recover from State Farm until Plaintiff first obtains a judgment against the Lopezes. ECF 8 at 5-6. Plaintiff opposes State Farm's motion to dismiss and moves to strike the same. ECF 12 at 2; ECF 13 at 2. In addition, Plaintiff requests that this case be remanded back to state court, contending that this Court lacks subject-matter jurisdiction over the state-law claims. ECF 12 at 2; ECF 13 at 1. The Court will address each issue in turn.[3]

---

[3] The Court must "liberally construe" *pro se* Plaintiff's claims. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). But Plaintiff's *pro se* status "does not transform the [C]ourt into an advocate." *Id.* Plaintiff has not filed a formal motion to remand, but has filed an objection to the notice of removal (ECF 6) and has requested that the case be remanded in his opposition to Defendant's motion to dismiss (ECF 13 at 1). Similarly, Plaintiff has not filed a separate motion to strike Defendant's motion to dismiss, but has included such a motion within his opposition brief (ECF 13 at 29). The Court will construe Plaintiff's filings liberally and address Plaintiff's pleadings in their entirety, including Plaintiff's arguments on his motion to remand and motion to strike.

## II.    ANALYSIS

### A.    Jurisdiction

The Court must first assure itself of jurisdiction. Plaintiff requests that this case be remanded back to state court because this Court lacks subject-matter jurisdiction over the state-law claims. ECF 12 at 2; ECF 13 at 1. "A federal district court has diversity jurisdiction over 'all civil actions where the matter in controversy exceeds ... $75,000 ... and is between ... [c]itizens of different States.'" *Rockwell v. State Farm Mut. Auto. Ins. Co.,* No. 3:19CV237, 2019 WL 4023174, at *3 (E.D. Va. Aug. 26, 2019) (citing 28 U.S.C. § 1332(a)(1)). Additionally, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

This Court has diversity jurisdiction over Plaintiff's claims. Plaintiff filed a civil action against State Farm for damages exceeding $75,000. *See* Compl. ¶¶ 125-136. And Plaintiff is a citizen of Virginia while State Farm is a citizen of Illinois.[4] This Court also has federal question jurisdiction over count five—the FCRA claim. *See Craighead v. Nissan Motor Acceptance Corp.*, No. 1:10CV981 JCC JFA, 2010 WL 5178831, at *6 (E.D. Va. Dec. 14, 2010), aff'd, 425 F. App'x 197 (4th Cir. 2011) ("This Court has proper federal question jurisdiction pursuant to the FCRA." (citing 15 U.S.C. § 1681p and 28 U.S.C. § 1331)). Accordingly, this case was properly removed to this Court based on diversity jurisdiction and federal question jurisdiction, and the Court will deny Plaintiff's motion to remand.

---

[4] State Farm is an Illinois corporation with its principal place of business in Bloomington, Illinois. *See State Farm Fire & Cas. Co. v. Rollins*, 187 F.Supp.3d 638, 640 (E.D. Va. 2016) ("State Farm Fire and Casualty Company ('State Farm') is an Illinois corporation with its principal place of business located in Bloomington, Illinois, and a citizen of the State of Illinois.")

### B.     Motion to Strike

Plaintiff asks this Court to strike Defendant's Motion to Dismiss and Brief in Support pursuant to Federal Rule of Civil Procedure 12(f). ECF 12 at 2; ECF 13 at 2. Rule 12(f) provides in part that "[t]he court may strike from a ***pleading*** an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). As stated in the rule itself, Rule 12(f) is limited in its application to a "pleading." Accordingly, Plaintiff cannot strike a ***motion***. *See Structural Concrete Prod., LLC v. Clarendon Am. Ins. Co.*, 244 F.R.D. 317, 321 (E.D. Va. 2007) ("[A] motion is not a pleading, and therefore it is not proper under Fed. R. Civ. P. 12(f) to make a motion to strike a motion." (internal quotations and citation omitted)). The Court will therefore deny Plaintiff's motion to strike.

### C.     Failure to State a Claim

Plaintiff seeks to recover tort damages from the Lopezes' liability insurer, State Farm. But Plaintiff has yet to obtain a judgment against the Lopezes in his state court action. Under settled Virginia law, "[a]n injured party possesses no right to recover tort damages from the tortfeasor's insurer until reducing to a judgment his claim against the tortfeasor." *Erie Ins. Co. v. McKinley Chiropractic Ctr., P.C.*, 803 S.E.2d 741, 742 (Va. 2017) (citations omitted). Accordingly, Plaintiff's action against State Farm cannot proceed. The Court will grant Defendant's motion to dismiss.

### D.     Leave to Amend

Lastly, Plaintiff asks that if this Court "side[s] with Defendant State Farm," it should grant Plaintiff "leave to amend[] any affected claim." ECF 13 at 29. Although "'[t]he court should freely give leave when justice so requires' … [c]ourts may deny leave to amend a pleading if the amendment would have been futile." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of*

*Transportation*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). The Court finds that an amendment would be futile here, given the outstanding action against the Lopezes in state court.

### III.   CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Plaintiff's motion to remand is DENIED; it is further

ORDERED that Plaintiff's motion to strike is DENIED; it is further

ORDERED that Defendant's Motion to Dismiss (ECF 7) is GRANTED; and it is further

ORDERED that Plaintiff's claims are dismissed with prejudice.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

March 10, 2025
Alexandria, Virginia

5