UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JOSEPH EWEKA,<br>         *Plaintiff,*<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>         *Defendant.* | No. 1:24-cv-02040-MSN-LRV |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court following remand from the United States Court of Appeals for the Fourth Circuit. *Eweka v. State Farm Fire & Cas. Co.*, No. 25-1362, 2025 WL 2171018, at *1 (4th Cir. July 31, 2025) (per curium). For several years, Plaintiff Joseph Eweka, *pro se*, has been involved in litigation involving his former neighbors' tree.[1] In 2018, Plaintiff filed suit against his neighbors—Hector and Christine Lopez ("the Lopezes")—in state court for damage to his property caused by the tree. He then filed this case as a separate action to recover from the Lopezes' liability insurer, State Farm Fire and Casualty Company ("State Farm"). The Court granted State Farm's motion to dismiss (ECF 7), concluding that Plaintiff could not recover tort damages from State Farm prior to obtaining a judgment against the Lopezes (ECF 15). On appeal, however, the Fourth Circuit vacated the Court's judgment and remanded the action back to this Court to consider whether Plaintiff's claims asserted solely against State Farm could survive State Farm's motion to dismiss. *Eweka*, 2025 WL 2171018, at *1. For the reasons that follow, the

---

[1] *See Eweka v. Lopez, et al.*, No. 1:20-cv-00154-TSE-MSN, ECF 4 (dismissing Plaintiff's prior action against neighbors in 2020).

Court concludes that Plaintiff's independent claims against State Farm fail to state a claim for relief and will GRANT Defendant's motion to dismiss.

I.   **BACKGROUND**[2]

For several years, Plaintiff rented a house next door to the Lopezes. ECF 3-1 ("Compl.") ¶ 4. The Lopezes maintained a tree on their property whose branches extended over Plaintiff's property line. *Id.* at ¶¶ 5, 7. Plaintiff alleges that on several occasions "[t]he pollens, multi-colored and dye-laden berries/seeds, twigs, saps, and birds' feces" fell from the Lopezes' tree onto Plaintiff's property, causing damage to Plaintiff's two vehicles. *Id.* at ¶ 8. Plaintiff asked the Lopezes "to cut the *Tree* or its branches down because of the continuing nuisance, trespass, and damage that it was causing to Plaintiff's two vehicles," but the Lopezes refused. *Id.* at ¶ 9. Plaintiff also tried various other remedial measures to protect his vehicles, such as running an audible bird repellant, but each of these measures ran into barriers, including "sabotage[] by Defendant[]." *Id.* at ¶¶ 10-12. Unable to come to an agreement about the tree, Plaintiff sued the Lopezes in Fairfax County Circuit Court in September 2018. *See Eweka v. Lopez, et al.*, Case No. CL-2018-14535 ("the State Litigation"). That case remains pending.

In October 2024, Plaintiff filed the instant action against the Lopezes' liability insurer, State Farm. *See generally* Compl. Plaintiff alleged that State Farm was responsible for damage caused by the Lopezes' tree because State Farm "did nothing to stop or mitigate the damage." Compl. ¶ 81. Plaintiff also made several allegations against State Farm that were separate from the Lopezes' underlying conduct. First, Plaintiff alleged that he also holds an insurance policy with

---

[2] Much of this background has already been laid out in the Court's prior Order granting Defendant's motion to dismiss. ECF 15 at 1-2. The Court assumes the truth of Plaintiff's factual allegations and draws all reasonable factual inferences in Plaintiff's favor for purposes of this motion. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 406 (4th Cir. 2002).

2

State Farm and that State Farm breached its fiduciary duty by defending his neighbors in the State Litigation. *Id.* at ¶¶ 20, 87. Second, Plaintiff claimed that State Farm is responsible for damage to his car caused by a tow truck State Farm sent in response to a service call. *Id.* at ¶¶ 21,101. Lastly, Plaintiff claimed that State Farm refused to give him information during the discovery process in his case against the Lopezes, but did give sensitive personal information about him to the Lopezes, their lawyer, and unidentified third parties without his consent. *Id.* at ¶¶ 22, 84, 88.

Based on these allegations, Plaintiff's complaint brought six causes of action against State Farm:

> **Count 1:** Unlawful Procurement and Abuse of Sensitive Personal Information (§ 38.2-600, et seq. to § 38.2-613).
>
> **Count 2:** Unauthorized dissemination, etc., of criminal history record information; civil action …. (§ 8.01-40.3.).
>
> **Count 3:** Breach of Confidentiality & Invasion of Privacy (20 VAC 5-314-110; § 18.2-152.5, *Code of Virginia; Virginia Consumer Data Protection Act* [VCDPA]); Breach of Contract … (§ 59.1-507.1); and Conspiracy Against Rights. (18 U.S.C. § 241).
>
> **Count 4:** Tortious and Intentional Interference With the Enjoyment of Rights of Others. (§ 36-96.5, *Code of Virginia*.).
>
> **Count 5:** Violation of the *Federal* and *Virginia Credit Reporting Act*. (*Federal Fair Credit Reporting Act* [FCRA], 15 U.S.C. § 1681 et seq.; *and Virginia Consumer Data Protection Act* (VCDPA).
>
> **Count 6:** Conflict of Interests; Liability for Contributory Negligence[]; Continuing Nuisance; and Continuing Trespass [causing Property and Financial Injuries] – (§ 8.01-243a & § 8.01-243b, *Code of Virginia*), and (*Fancher v. Fagella*, 274 Va. 549, 650 S.E.2d 519 [Va., 2007]).

Compl. at 33-39.

Plaintiff initiated this action in the Fairfax County Circuit Court, *Eweka v. State Farm Fire and Casualty Company*, Case No. CL-2024-15065, but State Farm removed the case to this Court based on diversity jurisdiction and federal question jurisdiction. ECF 1. State Farm then moved to

dismiss the complaint. ECF 8. The Court granted State Farm's motion to dismiss, concluding that, under Virginia law, Plaintiff could not bring a claim against State Farm for its actions as the Lopezes' insurer without first obtaining a judgment against the Lopezes. ECF 15 at 4.

On appeal, the Fourth Circuit concluded that, where Plaintiff's claims against State Farm overlapped with his claims against the Lopezes, this Court "properly dismissed . . . [Plaintiff's] claims under the state law rule." *Eweka*, 2025 WL 2171018, at *1. The Fourth Circuit, however, concluded that Plaintiff asserted some claims solely against State Farm that were not subject to the state law rule. *Id.* It thus vacated this Court's judgment and remanded the case to this Court to "parse the claims asserted against State Farm alone" and determine whether they could survive State Farm's motion to dismiss. *Id.* Accordingly, the Court will address each of Plaintiff's claims in turn.

## II.   LEGAL STANDARD

In considering a motion to dismiss, the Court must "accept as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." *Philips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court must also liberally construe *pro se* pleadings. *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). But "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Moreover, the court need not accept the [plaintiff's] legal conclusions drawn from the facts, nor need it accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Philips*, 572 F.3d at 180 (quoting *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (internal quotation marks omitted)).

### III.   ANALYSIS

#### A.   Count 1: Unlawful Procurement and Abuse of Sensitive Personal Information

In Count 1 of the complaint, Plaintiff contends that State Farm investigated his background to defend the Lopezes in the State Litigation and obtained sensitive information about him from third parties, including his social security number, date of birth, marital status, name change, credit reports, and criminal history. Compl. ¶¶ 93, 94. Plaintiff claims that State Farm then disclosed this information to the Lopezes and other third parties by using it during Plaintiff's deposition in the State Litigation. *Id.* Citing Virginia's Insurance Information and Privacy Protection Act, ("IIPA"), Va. Code Ann. §§ 38.2-600 – 38.2-620, Plaintiff claims that both the collection and dissemination of this information was unlawful. Compl. ¶¶ 93, 94.

The IIPA generally prohibits insurance institutions and agents from disclosing "any medical-record information or privileged information about an individual collected or received in connection with an insurance transaction." Va. Code Ann. § 38.2-613(A). Plaintiff does not contend that State Farm disclosed information about him from his insurance records. Rather, Plaintiff claims that State Farm "spearheaded" an investigation, collected information about Plaintiff from others, and turned that information over in his deposition.[3] Compl. ¶¶ 93, 94. Because these activities do not fall within activity prohibited by the IIPA, Plaintiff has not stated a valid claim under Count 1.

---

[3] In his opposition brief, Plaintiff included additional facts in support of his claims. The Court does not consider these facts in its analysis. While courts must liberally construe pro se pleadings, "appearing pro se does not relieve Plaintiffs of the obligation to comply with the Federal Rules of Civil Procedure." *Spanos v. Vick*, 576 F. Supp. 3d 361, 366 (E.D. Va. 2021). And it "is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Guillen v. Esper*, No. 1:19-CV-1206-LMB-IDD, 2020 WL 3965007, at *2 (E.D. Va. July 13, 2020) (quoting *Marsh v. Virginia Dept. of Transp.*, No. 6:14-cv-6, 2014 WL 6833927, at *8 (W.D. Va. Dec. 3, 2014)).

### B. Count 2: Unauthorized dissemination of criminal history record information

In Count 2, Plaintiff contends that State Farm disclosed information about his criminal history to the Lopezes and "other third parties" during his deposition in the State Litigation in violation of Va. Code Ann. § 8.01-40.3. Compl. ¶ 96.

Under Va. Code Ann. § 8.01-40.3, a person may be held liable if they disseminate or publish a person's criminal history record information and then charge money to remove that information. *See id.* (stating that "[a]ny person who disseminates, publishes, or maintains . . . the criminal history record information . . . of an individual . . . and solicits, requests, or accepts money or other thing of value for removing such criminal history record information shall be liable to the individual"). Plaintiff has not alleged that State Farm disseminated his criminal record information and then offered to remove that information for a fee. Instead, he claims that State Farm brought up his criminal history information during his deposition in the State Litigation. Plaintiff has, therefore, failed to state a claim under Va. Code Ann. § 8.01-40.3.

### C. Count 3: Breach of Confidentiality, Invasion of Privacy, Violation of the Virginia Consumer Data Protection Act, Breach of Contract, and Conspiracy Against Rights

Count 3 of Plaintiff's complaint alleges "Breach of Confidentiality & Invasion of Privacy (20VAC5-314-110; § 18.2-152.5, *Code of Virginia*; *Virginia Consumer Data Protection Act* [VCDPA]); Breach of Contract … § 59.1-507.1); and Conspiracy Against Rights. (18 U.S.C. § 241)." Compl. at 35 (ellipses in original).

Parsing out Plaintiff's various claims, he seems to allege that State Farm (1) breached 20 Va. Admin. Code § 5-314-110 and the Virginia Consumer Data Protection Act ("VCDPA"), Va. Code §§ 59.1-575 – 59.1-585 by disclosing personal information about him to the Lopezes and third parties during the State Litigation; (2) breached the insurance contract Plaintiff has with State Farm by failing to repair damage to Plaintiff's vehicles caused by one of State Farm's tow trucks;

(3) erroneously placed at least two records of claims against Plaintiff's policies in his State Farm Account; and (4) conspired against Plaintiff in violation of 18 U.S.C. § 241, by defending the Lopezes in the underlying State Litigation. Compl. ¶¶ 98-103.

None of Plaintiff's allegations state a plausible claim for relief. First, 20 Va. Admin. Code § 5-314-110 and VCDPA have no application here. 20 Va. Admin. Code § 5-314-110 protects as confidential information the data collected by companies that interconnect small electrical generating facilities within larger utility systems. *See id.*; 20 Va. Admin. Code § 5-314-20. It does not apply to State Farm as an insurance carrier. And while the VCDPA protects consumer's private personal data, *see* Va Code Ann. § 59.1-577, it explicitly gives Virginia's Attorney General the "exclusive authority" to enforce its provisions, Va. Code Ann. § 59.1-584.

Second, Plaintiff has not plausibly alleged a breach of contract in connection with damage from the tow truck. Under Virginia law, a breach of contract claim requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). Here, Plaintiff has alleged no details about his insurance contract with State Farm or explained how State Farm's failure to "honor its part" of the repair appointments for Plaintiff's vehicle breached those obligations. *See* Compl. ¶ 101. Without more, Plaintiff has not raised his claim of breach of contract "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Third, Plaintiff alleges that State Farm erroneously placed records of claims against Plaintiff's policies in his State Farm Account. Compl. ¶ 102. But Plaintiff does not assert a clear legal claim tied to this allegation. And while "courts must liberally construe the claims of *pro se*

7

litigants," a plaintiff's *pro se* status "does not transform the court into an advocate." *Wilson*, 699 F.3d at 797 (quoting *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990)).

Lastly, Plaintiff asserts that State Farm violated 18 U.S.C. § 241, by defending the Lopezes in the underlying State Litigation. *See* Compl. ¶ 103. Courts, however, "have consistently held" that 18 U.S.C. § 241 is a criminal statute "that [does] not create a private right of action." *Shallow v. Fed. Bureau of Investigation*, No. 1:19-cv-229, 2019 WL 2718493, at *2 (E.D. Va. June 27, 2019). Accordingly, Count 3 must be dismissed.

### D. Count 4: Tortious and Intentional Interference With the Enjoyment of Rights of Others

Plaintiff labels Count 4 of his complaint "Tortious and Intentional Interference With the Enjoyment of Rights of Others. (§ 36-96.5, *Code of Virginia*.)." Compl. at 37. In Count 4, he alleges that State Farm is "equally responsible" for the damage at issue in the State Litigation that was caused by the Lopezes and their tree. *Id.* at ¶ 103. Plaintiff's claim is an attempt to recover tort damages from State Farm for damage allegedly caused by the Lopezes before he has received a judgment against the Lopezes. As this Court explained previously, *see* ECF 15 at 4, such a maneuver is barred by Virginia law, *see Erie Ins. Co. v. McKinley Chiropractic Ctr., P.C.*, 803 S.E.2d 741, 742 (Va. 2017) ("An injured party possesses no right to recover tort damages from the tortfeasor's insurer until reducing to a judgment his claim against the tortfeasor.").

### E. Count 5: Violation of the Fair Credit Reporting Act

Count 5 of Plaintiff's complaint alleges that State Farm violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 – 1681x, again by sharing private information about Plaintiff,

including his social security number and credit history, with the Lopezes and third parties during his deposition in the State Litigation.[4] Compl. ¶¶ 108-109.

Plaintiff does not identify which provision of the FCRA he believes State Farm violated. Construing Plaintiff's claims liberally, the Court infers that Plaintiff's allegations fall under 15 U.S.C. § 1681d, which prohibits a person from procuring an investigative consumer report without disclosing that procurement to a consumer. *See* Compl. ¶ 108 (asserting that State Farm "unlawfully obtained" Plaintiff's credit reports without his consent); ECF 13 at 36 (arguing, in opposition to State Farm's Motion to Dismiss, that "State Farm unlawfully obtained [Plaintiff's] credit file"). An "investigative consumer report," however, is distinct from a consumer's credit record; the term refers to "information on a consumer's character, general reputation, personal characteristics, or mode of living is obtained through personal interviews with neighbors, friends, or associates of the consumer reported on or with others with whom he is acquainted or who may have knowledge concerning any such items of information." 15 U.S.C. § 1681a. There is no indication that State Farm accessed this information or violated any other provision of the FCRA.[5]

---

[4] Count 5 also alleges that State Farm violated the Virginia Credit Reporting Act and the VCDPA. Compl. at 38. The Court is unaware of a Virginia law entitled "Virginia Credit Reporting Act" and, as explained *supra*, the VCDPA does not contain a private right of action. *See* Va. Code Ann. § 59.1-584.

[5] The Court notes that, to the extent that Plaintiff seeks to plead a violation of 15 U.S.C. § 1681s-2(b), that provision of the FCRA "only authorizes a private right of action against a furnisher of information when the furnisher receives notice of a dispute from a consumer reporting agency and fails to properly investigate that report." *Murray v. Liberty Univ. Inc.*, No. 6:22-CV-00025, 2022 WL 4082483, at *3 (W.D. Va. Sept. 6, 2022). While Plaintiff alleges that State Farm provided inaccurate information about his insurance claim history "to the CLUE Report," Compl. ¶¶ 18-19, Plaintiff has not alleged that State Farm received a notice of dispute from a consumer reporting agency and failed to properly investigate.

9

### F.  Count 6: Conflict of Interest

Count 6 of Plaintiff's complaint contends that State Farm acted with a conflict of interest and breached its fiduciary duty to Plaintiff by defending the Lopezes in the State Litigation.[6] Compl. ¶¶ 115-18. State Farm, however, does not owe Plaintiff a fiduciary duty as Plaintiff's insurance carrier. *See State Farm Mut. Auto. Ins. Co. v. Floyd*, 366 S.E.2d 93, 97 (Va. 1988) ("The relationship of confidence and trust which exists between insurer and insured is not a fiduciary relationship."). Nor has State Farm breached any other duty to defend Plaintiff by defending the Lopezes in the State Litigation. An insurance carrier has a duty to defend an insured party only when the insurer would "be liable under its contract for any judgment based upon the allegations" in a complaint. *AES Corp. v. Steadfast Ins. Co.*, 725 S.E.2d 532, 535 (Va. 2012). Here, Plaintiff instigated a lawsuit against a party who happened to share his insurance carrier. That State Farm may need to defend Plaintiff against a potential judgment in some future lawsuit does not mean that its zealous representation of the Lopezes in the State Litigation presents an inherent conflict of interest or gives rise to a legal cause of action.

### G.  Leave to Amend

Lastly, Plaintiff asks that if this Court dismisses any of his claims, that it grant Plaintiff "leave to amend[] any affected claim." ECF 13 at 29. Although "'[t]he court should freely give leave when justice so requires' . . . [c]ourts may deny leave to amend a pleading if the amendment would have been futile." *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). The Court concludes that amendment of Plaintiff's claims would be futile and therefore denies leave to amend.

---

[6] Count 6 also includes various other allegations which, like Count 4 seek tort damages from State Farm based on the Lopezes' allegedly tortious actions at issue in the State Litigation. As explained *supra*, these claims cannot proceed.

## IV.    CONCLUSION

For the foregoing reasons, it is hereby

ORDERED that Defendant's Motion to Dismiss (ECF 7) is GRANTED; and it is further

ORDERED that Plaintiff's claims are dismissed with prejudice.

**SO ORDERED.**

/s/
Michael S. Nachmanoff
United States District Judge

December 11, 2025
Alexandria, Virginia